# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2100V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| LEONARDO ALCALA HUERTA *<br>*and* JUSTYCE ALCALA *<br>*on behalf of E.R.A., a minor child*, *<br> *<br>Petitioners, *<br> *<br>v. *<br> *<br>SECRETARY OF HEALTH AND *<br>HUMAN SERVICES, *<br> *<br>Respondent. *<br> *<br>* * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran<br><br>Filed: August 14, 2023 |

*Diana L. Stadelnikas*, Maglio Christopher & Toale, PA (FL), Sarasota, FL, for Petitioners.

*Felicia Langel,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On October 28, 2022, Leonardo Alcala Huerta and Justyce Alcala, on behalf of E.R.A., a minor child, filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet."). Petitioners alleged that E.R.A. suffered from a vascular soft tissue mass and associated muscle dystrophy and atrophy as a result of receiving several vaccines administered on November 15, 2019. Pet. at 1, 2, 4. On November 21, 2022, Respondent filed his Rule 4(c) Report recommending that compensation was not appropriate in this matter. *See* Report, dated Nov. 21, 2022 (ECF No. 24).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioners had been provided a deadline for submission of an expert report, but failed to do so over an eight-month period. They have now filed a motion for a decision dismissing the claim. *See* Motion, dated Aug. 11, 2023 (ECF No. 27) ("Mot."). Petitioners maintain that after an investigation of the facts and science relevant to the claim, they have determined that they would be unable to prove entitlement to compensation in the Vaccine Program, and that to proceed further would be unreasonable and would waste the resources of the Court, Respondent, and the Vaccine Program. Mot. at 1. Petitioners also acknowledge that they understand a decision dismissing E.R.A.'s petition will result in a judgment against them, and that such a judgment will end all their rights in the Vaccine Program. *Id.* And they have expressed a desire to exercise their rights to file a civil action in the future pursuant to 42 U.S.C. § 300aa-21(a)(2). *Id.* at 2.[3]

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioners may no longer avail themselves of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioners seek entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioners request is a "motion seeking dismissal"—a mechanism for ending cases that other claimants have used, either because the claim appears unlikely to succeed, or simply because the petitioner prefers not to continue with the claim, but seeks to terminate the action after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Hum. Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl. Spec. Mstr. Oct. 11, 2019). Dismissal of Vaccine Program cases at this particular stage of the litigation is not uncommon. Indeed, the rules of the Court of Federal Claims (which are properly applied herein) permit dismissal of claims at a petitioner's/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2).

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* § 13(a)(1)(A) and 11(c)(1). Here, Petitioners proceeded with a causation claim, and would have needed expert support to receive entitlement. But Petitioners have affirmatively represented they cannot meet the relevant evidentiary standards, and cannot offer the expert opinion(s) required to substantiate the claim. They therefore cannot meet the elements of a causation claim.

---

[3] Petitioners do not represent they obtained Respondent's consent for this motion, and Respondent has not otherwise reacted to it, but I find it is nevertheless meritorious.

Accordingly, I hereby **DISMISS** the Petition. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.