# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2100V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| LEONARDO ALCALA HUERTA *<br>*and* JUSTYCE ALCALA *<br>*on behalf of E.R.A., a minor child*, *<br> *<br>Petitioners, *<br> *<br>v. *<br> *<br>SECRETARY OF HEALTH AND *<br>HUMAN SERVICES, *<br> *<br>Respondent. *<br> * | | Chief Special Master Corcoran<br><br>Filed: April 4, 2024 |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Diana L. Stadelnikas*, Maglio Christopher & Toale, PA (FL), Sarasota, FL, for Petitioners.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS

On October 28, 2021, Leonardo Alcala Huerta and Justyce Alcala, on behalf of E.R.A., a minor child, filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[1] Petition (ECF No. 1) ("Pet."). Petitioners alleged that E.R.A. suffered from a vascular soft tissue mass and associated muscle dystrophy and atrophy as a result of receiving several vaccines administered on November 15, 2019. Pet. at 1, 2, 4. Petitioners filed a motion for a decision dismissing the claim on August 11, 2023, and on August 14, 2023, I issued a decision granting Petitioners' motion. *See* Decision, dated. Aug. 14, 2023 (ECF No. 28).

Petitioners have now filed a motion for a final award of attorney's fees and costs. Motion, dated Mar. 6, 2024 (ECF No. 31) ("Final Fees Mot."). This is Petitioners' sole fees and costs request. Petitioners request $61,949.92 in attorney's fees and costs ($58,288.50 in attorney's fees,

---

[1] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

plus $3,661.42 in costs) for the work performed by the Maglio, Christopher, & Toale Law Firm ("mctlaw"). Final Fees Mot. at 1, 5. Respondent reacted to the fees request on March 10, 2024. *See* Response, dated Mar. 10, 2024 (ECF No. 32) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. Resp. at 2–3. Petitioners filed a Reply on March 18, 2024, in further support of their motion. Reply, dated Mar. 18, 2024 (ECF No. 33).

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of **$61,949.92**.

## ANALYSIS

### I.   Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[2] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently

---

[2] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

Because Petitioners opted to terminate their claim, it was literally "unsuccessful"—and therefore fees are only appropriate if the matter had reasonable basis. I find there was more than a sufficient objective basis to entitle them to a fees and costs award. E.R.A.'s medical history established not only that he received the vaccines at issue, but also that he experienced a variety of conditions and symptoms—although not all were preponderantly established. And prior to the dismissal, I had allowed Petitioners the opportunity to obtain expert support for their claim, based on these same objective facts supporting the matter. Accordingly (and in light of the extremely lenient standard that governs reasonable basis determinations), a final award of fees and costs in this matter is permissible. There is also no reason otherwise to deny a fees award.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot.*

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

*Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for the mctlaw attorneys, based on the years work was performed:

|  | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|
| **Altom Maglio (Attorney)** | $420.00 | -- | -- | -- | -- |
| **Danielle Strait Attorney)** | -- | -- | -- | $450.00 | -- |
| **Diana Stadelnikas (Attorney)** | $440.00 | $470.00 | $490.00 | $525.00 | $560.00 |
| **Joseph Vukovich (Attorney)** | -- | -- | -- | $415.00 | -- |
| **Jessica Olins (Attorney)** | $225.00 | $266.00 | $290.00 | $320.00 |  |

ECF No. 31-2 at 17–18.

Ms. Stadelnikas and the other mctlaw attorneys participating in this case practice in Washington, D.C.—a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to the forum rates established in *McCulloch. See Cain v. Sec'y of Health & Hum. Servs.*, No. 17-264V, 2022 WL 1299129 (Fed. Cl. Spec. Mstr. Apr. 5, 2022). The rates requested (including newly-requested 2024 rates specific to Ms. Stadelnikas) are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule. [4] *Franklin v. Sec'y of Health & Hum. Servs.*, No. 21-885V, 2023 WL 638242 (Fed. Cl. Spec. Mstr. Sept. 7, 2023). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal time at the provided rates. [5]

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Apr. 4, 2024).

[5] The rates for the 12 paralegals who worked on this matter are also consistent with what has previously been awarded and in accordance with the Office of Special Masters' fee schedule. ECF No. 31-2 at 17–18. Specifically, Aisha Jones charged $170 in 2022 and $180 in 2023. Amy Semanie charged $145 in 2020, $155 in 2021 and $160 in 2022. Chelsea Harris charged $165 in 2021 and $170 in 2022. Elena Siamas charged $165 in 2021. Emily Monahan charged $160 in 2020 and $165 in 2021. Katherine Ochoa Castillo charged $160 in 2020. Kimberly Dutra charged $160 in 2020. Lindsay Wilkinson charged $160 in 2021, $160 in 2022 and $170 in 2023. Mackenzie Riordan charged $160 in 2020. Madison Alexander charged $165 in 2022. Melissa Sealy charged $170 in 2022. Tammie Adeyanju charged $180 in 2023 and $190 in 2024.

### III.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $3,661.42 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with a single expert, Kyle Amber, M.D. ECF No. 31-3 at 26–27. Dr. Amber reviewed E.R.A.'s medical records and conducted a literature review, submitting an invoice reflecting a total amount of $1,800.00 charged to the matter (3 hours of work billed at $600.00 per hour). *Id.* This sum was reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

Thus, all requested litigation-related costs in this matter shall be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs, and award a total of $61,949.92, reflecting $58,288.50 in attorney's fees and $3,661.42 in costs, in the form of a check made payable to Petitioners and Petitioners' attorneys at Maglio, Christopher, & Toale, PA. Petitioners request that payment be forwarded to mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.